# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3993

_____

Katherine Townsend,                    *
                                       *
            Appellant,                 *
                                       *
Perry Ballard,                         *
                                       *
            Plaintiff,                 *
                                       *
     v.                                *
                                       *
George Martine, Individually;          *
Kroger Food Stores,                    *
                                       *
            Appellees.                 *

_____

No. 02-3995                            Appeals from the United States
                                      District Court for the Eastern
_____                           District of Arkansas.

Katherine Townsend,                    *    [UNPUBLISHED]
                                       *
            Plaintiff,                 *
                                       *
Perry Ballard,                         *
                                       *
            Appellant,                 *
                                       *
     v.                                *
                                       *
George Martine, Individually;          *
Kroger Food Stores,                    *
                                       *
            Appellees.                 *

_____

Submitted: October 2, 2003
Filed: October 14, 2003
_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.
_____

PER CURIAM.

Katherine Townsend and Perry Ballard appeal the district court's[1] entry of judgment following an adverse jury verdict in their employment-discrimination action. For reversal, Townsend and Ballard argue the district court abused its discretion in excluding the testimony of their expert. Expert testimony is permissible under Federal Rule of Evidence 702 when "'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.'" See Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 882-83 (8th Cir. 1998) (quoting Rule 702). We find no abuse of discretion in the district court's exclusion of the proffered expert testimony, because the existence of disparate treatment in this case boiled down to witness credibility and was within the jury's competence. See id. at 883 (expert testimony "is not helpful if it draws inferences or reaches conclusions within the jury's competence," such as witness credibility); Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001) (standard of review; proponent of expert testimony must prove its admissibility by preponderance of evidence). Accordingly, we affirm.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.